UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN 23 P 5: 32

U.S. DISTRICT COURT
HARTFORD, CT.

BRUCE HOLT,

    Plaintiff,

v.

HOME DEPOT, U.S.A., INC.
and MELANIE GRAY,

    Defendants.

CASE NO. 3:00CV1578 (RNC)

RULING AND ORDER

    This case is before the court after a trial at which the jury was asked to decide, in essence, whether plaintiff's employment with defendant Home Depot, U.S.A., Inc. was terminated because he undertook to use the company's open-door procedure to complain to higher-ups about his immediate supervisor, defendant Melanie Gray, in reasonable reliance on the company's promise that employees could use the procedure without fear of retaliation. The jury found in favor of the plaintiff and awarded him $467,000 in compensatory damages. Defendants have moved for judgment as a matter of law, a new trial, or an order of remittitur. The stringent standards that apply to requests for such relief are not satisfied. Accordingly, the motion is denied in its entirety.

I.   Facts

    Plaintiff worked as a manager for Home Depot from January 1995 to July 1999. Throughout those years, Home Depot assured employees through statements in the employee handbook and other means of communication that if they took advantage of the

company's open-door procedure to complain to management about their supervisors, they would not be penalized. In March 1999, Home Depot moved plaintiff and his family to Connecticut so he could manage a new distribution center in Bloomfield. Soon after he started there, he began to have difficulties and disagreements with his immediate supervisor, Ms. Gray. In June, he contacted a senior manager, Brian Bender, regarding his problems with her. On July 3, he called Home Depot's Impact Line to ask that forms be sent to him so he could make a formal complaint. On July 9, two senior Home Depot managers, Drex Crowell and Herb Miller, went to the Bloomfield center accompanied by Gray and terminated the plaintiff's employment.

II. Discussion

    A. Motion for Judgment as a Matter of Law

The issue presented by defendants' motion for judgment as a matter of law is whether a reasonable person, viewing the evidence presented at trial fully and most favorably to the plaintiff, could find in his favor on a claim of promissory estoppel.

The jury was correctly charged that plaintiff could not prevail on this claim unless he proved the following: (1) Home Depot made a clear, definite promise that it would not retaliate against employees for using its internal complaint procedure; (2) Home Depot reasonably should have expected the plaintiff to rely on the promise; (3) he did reasonably rely on it; (4) his employment with Home Depot was terminated as a result; and (5)

enforcement of the promise is necessary to prevent injustice.

Home Depot argues that it made no definite promise on which plaintiff could reasonably rely. While conceding that its employee handbook contained an explicit promise that no employee would be penalized for using the open-door procedure, it contends that plaintiff could not reasonably rely on the promise because of disclaimers of contractual intent contained in the handbook and his employment application. I disagree. Having presided at the trial, I think the jury could reasonably find that Home Depot's promise not to retaliate against employees for using the open-door procedure was so clear, emphatic, highly touted, and widely proclaimed that plaintiff could reasonably believe it was inviolable and thus not covered by general disclaimers in the handbook and application. Defendants rely on cases in which similar disclaimers precluded claims of promissory estoppel, but those cases are factually distinguishable, as plaintiff correctly points out.[1]

Defendants next argue that the jury could not reasonably find that plaintiff proved reliance because there is no evidence he used the open-door procedure to complain about Gray. Here

---

[1] See Davis v. Liberty Mut. Ins. Co., 218 F. Supp. 2d 256, 263 (D. Conn. 2002), Lettick v. Nationwide Mut. Ins. Co., No. 3:98CV1928, 2000 WL 863028, at *6 (D. Conn. Mar. 31, 2000), Cowen v. Federal Express Corp., 25 F. Supp. 2d 33, 38-39 (D. Conn. 1998), Cardona v. Aetna Life and Casualty, No. 3:96CV1009, 1998 WL 246634, at *7 (D. Conn. May 8, 1998), Dunn v. NPM Healthcare Prods., Inc., No. 530682, 1994 WL 468281, at *2 (Conn. Super. Aug. 24, 1994) and Lombardi v. Marketing Corp. of Am., No. CV91-0293281, 1994 WL 247956, at *4-5 (Conn. Super. May 23, 1994).

3

again, I disagree. The jury was presented with substantial evidence on this essential element of the claim, including testimony by the plaintiff, Gray, and Miller, and an email from the plaintiff to Crowell. This evidence, viewed most favorably to the plaintiff, is sufficient to support the jury's finding that he undertook to complain about Gray in reliance on the no-retaliation guarantee.

Defendants next argue that the jury could not reasonably find that plaintiff's employment was terminated because of any complaint he made about Gray. They argue that the persons who terminated his employment did not know about his attempts to complain about her, and that he was terminated for incompetence, insubordination and violating an ethics policy. They support both arguments primarily with the testimony of the three people involved in the termination decision. The jury was entitled to reject their testimony as pretextual, particularly in light of the close temporal proximity between plaintiff's initial steps to complain to higher-ups about Gray and the termination of his employment, as well as the sequence of events immediately preceding the termination, which fit the plaintiff's theory that he was the victim of a preemptive strike instigated by Gray.

.   B.   <u>Motion for New Trial</u>

New trials are granted only when the jury reaches a "seriously erroneous result" or the verdict is a "miscarriage of justice." <u>Mallis v. Bankers Trust Co.</u>, 717 F.2d 683, 691 (2d Cir. 1983). The jury's verdict may be fairly debatable, as many

4

verdicts are, but by no means is it clearly erroneous or unjust.

Defendants first argue that the "overwhelming weight of the evidence" shows that the elements of promissory estoppel are not present and plaintiff was terminated for incompetence and ethical violations. As just discussed, however, reasonable people viewing the evidence in a light most favorable to the plaintiff could find that he undertook to use the open-door procedure to complain about Gray in reasonable reliance on the no-retaliation guarantee and was terminated as a result.

Defendants next argue that the verdict must be set aside because, although the jury found for the plaintiff on his promissory estoppel claim, it rejected his claim for breach of an implied contract. A new trial may be ordered when a verdict is fatally flawed by inconsistency, but a verdict may not be set aside if an asserted inconsistency can be logically explained. Turley v. Police Dep't, 167 F.3d 757, 760 (2d Cir. 1999).

The jury's decisions in this case need not be viewed as inconsistent. A claim of promissory estoppel does not have the same elements as a claim of breach of an implied contract; in particular, it requires no finding of consideration for the promise. Pavliscak v. Bridgeport Hosp., 48 Conn. App. 580, 592 n.5 (1998). The jury could have found that Home Depot made a clear and definite promise not to retaliate against the plaintiff, for which he supplied no consideration.

    C.   Motion for Remittitur

Defendants also move under Rule 59 for remittitur or a new

5

trial on the issue of damages only. They challenge the jury's award of back pay, its rejection of their argument on mitigation of damages, and its choice of a means for valuing plaintiff's lost stock options. Each of these decisions required findings of fact. The jury's findings in favor of the plaintiff may make their award seem generous in the eyes of Home Depot, but the award is not excessive as a matter of law, and must therefore be preserved.

III. Conclusion

Accordingly, defendants' motion for judgment as a matter of law, a new trial, or remittitur [Doc. #99] is hereby denied.

So ordered.

Dated at Hartford, Connecticut this 22nd day of January 2004.

Robert N. Chatigny
United States District Judge