

**MANDATE**

Conn/New Haven
00-CV-1578
Hon. Chatigny

# UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 6th day of April, two thousand and five.

Present:
    HON. RICHARD C. WESLEY,
    HON. PETER W. HALL,
        *Circuit Judges*,
    HON. MICHAEL B. MUKASEY,
        *Chief District Judge.*[1]



UNITED STATES COURT OF APPEALS FILED APR - 6 2005 Roseann B. MacKechnie, CLERK SECOND CIRCUIT

BRUCE HOLT,

    *Plaintiff-Appellee,*

- v -                                    (04-0784)

HOME DEPOT USA, INC.,

    *Defendant-Appellant,*

MELANIE GRAY, DREX CROWELL, and HERB MILLER,

    *Defendants.*

Appearing for Defendant-Appellant: ROBERT P. JOY, Morgan, Brown & Joy, LLP, Boston, MA.

Appearing for Plaintiff-Appellee: THOMAS W. MEIKLEJOHN, Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., Hartford, CT.

---

[1] The Honorable Michael B. Mukasey, Chief Judge of the United States District Court for the Southern District of New York, sitting by designation.

1

ISSUED AS MANDATE: APR 2 7 2005

Appeal from the United States District Court for the District of Connecticut (Chatigny, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. After review of the district court judgment, we now AFFIRM.

Defendant-appellant Home Depot argues that plaintiff-appellee's claim for promissory estoppel is insufficient as a matter of law. For substantially the reasons stated by the district court, we find that the jury could properly have found that plaintiff-appellee reasonably relied on a clear and definite promise. *See Stewart v. Cendant Mobility Servs. Corp.*, 267 Conn. 96 (2003). We further find that there was sufficient evidence at trial to allow the jury to conclude that plaintiff-appellee was retaliated against as a result of his use of the open door policy. We reach this conclusion both for those reasons stated by the district court and further because the jury could reasonably have inferred that Holt's supervisor retaliated against him for his stated *intention* to complain about her.

Appellant also asserts that the district court abused its discretion in denying the motion for a new trial. For substantially the reasons stated below, we find that the district court did not abuse its discretion in denying defendant-appellant's motion for a new trial.

Lastly, appellant argues that the district court abused its discretion in denying the motion for remittitur. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 438-39 (1996). Home Depot's challenge must fail in light of Connecticut's stringent standards for review of the size of

a jury verdict and the intensely factual nature of the damages challenged by Home Depot. *See Gaudio v. Griffin Health Servs. Corp.*, 249 Conn. 523, 551 (1999). Contrary to Home Depot's arguments, the district court did not abuse its discretion in determining that the jury was entitled to conclude that (1) Holt would not have been terminated had Home Depot not retaliated against him, (2) Holt did mitigate his damages, and (3) Holt's stock options were worth the amount attributed to them by the jury.

As to the question of whether a wrongfully-terminated at will employee is entitled to post-termination economic damages, we note that the cumulative effect of *Torosyan* and *Stewart* is instructive. *See Torosyan v. Boehringer Ingelheim Pharm., Inc.*, 234 Conn. 1, 16 (1995); *Stewart*, 267 Conn. 96. The *Torosyan* court allowed "damages [that] extend for a reasonable time period into the future, at least for a future period of time equal to the period from the time of the wrongful termination until the date of judgment." 234 Conn. at 34. The *Stewart* court approved an award of future lost wages on a promissory estoppel claim by an at will employee. *See* 267 Conn. at 98-99. Together, *Torosyan* and *Stewart* can be read to suggest that Connecticut does allow a judgment – as in this case – that awarded future wages to an at will employee up through the date of judgment on a promissory estoppel claim.

The question of whether Holt would have continued on as an employee at Home Depot or later would have been fired was squarely before the jury. Each side argued the implications of that status and of Holt's job performance, and the court's charge reminded the jurors that if Holt had not been terminated he would have remained an at-will employee. There was sufficient evidence for a reasonable jury to conclude that, absent retaliation, Holt would have remained an employee at Home Depot through the date of judgment.

1      Accordingly, for the reasons set forth above, the judgment of the District Court is hereby

2      AFFIRMED.

For the Court
Roseann B. MacKechnie, Clerk

*Lucille Carr*
By:

A TRUE COPY
Roseann B. MacKechnie, CLERK
by *Leatsha Gibbs*
DEPUTY CLERK